*In re* LCDO. PASCUAL F. LANAUZE ORTIZ, querellado.

*Número:* MC-83-13     *Resuelto:* 21 de octubre de 1983

*Arturo Negrón García, Miguel Pagán, Procurador General Interino,* y *Rosa Negrón de Quiñones, Procuradora General Auxiliar,* abogados del promovente; *Antonio V. Santiago,* abogado del querellado; *Francisco Torres Aguiar,* Comisionado Especial.

PER CURIAM: El Colegio de Abogados de Puerto Rico radicó, con fecha de 15 de marzo de 1983, un Informe sobre Conducta Profesional referente al abogado Pascual F. Lanauze Ortiz. Dicho informe se relaciona con una querella que presentó ante el Colegio durante el año 1978 el ciudadano José Dolores Batista Hernández, consistente la misma en que "el abogado no realizó gestión profesional alguna en un caso de daños y perjuicios que en beneficio de la esposa del Señor Batista éste le encomendara, a pesar de haber recibido $100.00 por concepto de honorarios".

Surgiendo de dicho informe la posibilidad de que el abogado querellado se encontrara incapacitado mentalmente

desde el año 1977, este Tribunal ordenó, mediante Resolución al efecto de fecha 30 de marzo de 1983, "que, de conformidad con el procedimiento establecido en la Regla 13.1 del Reglamento de este Tribunal, se proced[iera] a hacer una determinación sobre la condición mental del Lcdo. Pascual F. Lanauze Ortiz". Se procedió a la designación de un comisionado especial con instrucciones de que procediera a señalar la vista correspondiente a la brevedad posible.

El comisionado especial, Lcdo. Francisco Torres Aguiar, ha rendido el informe requerido. Del mismo surge que el abogado querellado, quien tiene al presente la edad de 64 años, "*no* está en condiciones mentales e intelectuales, *al presente, y desde hace varios años*, para dedicarse a la práctica de profesión o labor alguna". (Énfasis suplido.)[1]

En *In re Suárez Burgos*, 108 D.P.R. 1 (1978), resolvimos que es procedente suspender indefinidamente del ejercicio de la abogacía a un abogado cuya condición mental, física o emocional le impide asumir competente y adecuadamente la representación legal de sus clientes y mantener el patrón de conducta que debe observar todo abogado. Expresamos, en adición, que dicha separación indefinida por razón de incapacidad mental constituye una medida de protección social y no un desaforo.

En vista de lo anteriormente expresado, *se ordena el archivo y sobreseimiento de la queja presentada por el ciudadano José Dolores Batista Hernández y se suspende indefinidamente al Lcdo. Pascual F. Lanauze Ortiz del ejercicio de la abogacía y del notariado*[2] *por razón de incapacidad mental.*

El Juez Asociado Señor Negrón García se inhibió.

---

[1] Dicha recomendación está basada tanto en el informe rendido por el psiquiatra del abogado querellado como en el rendido por el psiquiatra contratado a esos efectos por la oficina del Hon. Procurador General Interino de Puerto Rico; ambos concluyen que el abogado querellado está totalmente incapacitado.

[2] Los protocolos y el registro de afidávit del abogado querellado fueron entregados el 19 de marzo de 1980 al Inspector de Protocolos del Área Sur, el cual, a su vez, hizo entrega de los mismos al Archivero General del Distrito Notarial de Ponce, Puerto Rico.