*In re* VÍCTOR MANUEL GÓMEZ VÁZQUEZ.

*Número:* 1249          *Resuelto:* 23 de abril de 1998

*Carmen H. Carlos*, peticionaria.

PER CURIAM: El 15 de marzo de 1996 la Supervisora de Índices Notariales, Sra. Ivonne Rosario, le refirió un informe a la Directora de la Oficina de Inspección de Notarías, Lcda. Carmen H. Carlos, en el cual se señalaba que el notario Víctor M. Gómez Vázquez no había rendido sus índices notariales durante el período de junio a diciembre de 1995.

Como consecuencia de este informe, la Inspectora de Protocolos, Lcda. Norma Acosta de Santiago, mediante una comunicación de 17 de abril de 1996, le concedió una oportunidad al notario del epígrafe para que justificara la falta de notificación de los índices aludidos antes de acudir ante este Tribunal.

El 20 de mayo de 1996, en respuesta a la misiva enviada por la licenciada Acosta, el Sr. Víctor M. Gómez García, hijo del licenciado Gómez Vázquez, le informó a la Oficina de Inspección de Notarías que su padre llevaba padeciendo de la enfermedad de Alzheimer durante varios años y que su condición había empeorado, encontrándose recluido en

el hospital desde hacía varios meses. El señor Gómez García señaló también que, debido a los efectos de la enfermedad que aquejaba a su padre, había presentado ante el Tribunal de Primera Instancia una Solicitud de Incapacidad y Nombramiento de Tutor con el consentimiento de su señora madre y de su hermano.

Posteriormente, el 3 de septiembre de 1996 la Hon. Amneris Martínez de Cuevas, Juez, dictó una resolución en la que declaró incapaz al Lcdo. Víctor M. Gómez Vázquez y nombró a Víctor M. Gómez García como su tutor en el caso de ex parte: *Víctor Manuel Gómez García etc., Peticionario*, Civil Núm. KEX96-0086 (701), ante el Tribunal de Primera Instancia, Subsección de Distrito, Sala de San Juan.

Así las cosas, acudió ante nos la Directora de la Oficina de Inspección de Notarías para solicitar la suspensión del licenciado Gómez Vázquez del ejercicio de la abogacía y de la notaría conforme a lo dispuesto por la Regla 15 de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-A.

La referida Regla 15 dispone, en lo pertinente, que:

> (b) Si un(a) abogado(a) fuere declarado incapaz judicialmente o fuere recluido(a) por incapacidad en una institución para enfermos mentales, probado el hecho, el Tribunal lo(la) suspenderá del ejercicio de la profesión mientras subsista su enfermedad.

Cuando la condición mental, física o emocional de un abogado no le permite ejercer cabal y adecuadamente todas las funciones y los deberes propios de la práctica de la abogacía, es menester suspender indefinidamente del ejercicio de la profesión legal al letrado mientras subsista su incapacidad. *In re Lanauze Ortiz*, 114 D.P.R. 682 (1983).

Es importante señalar que este tipo de suspensión no representa un desaforo, sino que más bien constituye una medida de protección social. *In re Lanauze Ortiz*, supra, pág. 683; *In re Miranda Cruz*, 116 D.P.R. 709 (1985).

En vista de la declaración judicial de incapacidad del

Lcdo. Víctor M. Gómez Vázquez, *se le suspende indefinidamente del ejercicio de la abogacía según lo establece la Regla 15(b) del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXI-A, mientras subsista su enfermedad y hasta tanto otra cosa se disponga.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Rebollo López no intervino.