

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Domiciano Valentín Maldonado | 2010 TSPR 81<br><br>179 DPR _____ |

Número del Caso: AB-1999-81
                 CP-2004-2

Fecha: 5 de mayo de 2010

Abogado del Querellado:

      Lcdo. Virgilio Mainardi Peralta

Oficina del Procurador General:

      Lcda. Noemí Rivera de León
      Procuradora General Auxiliar

      Lcda. Minnie H. Rodríguez López
      Procuradora General Auxiliar

Materia: Conducta Profesional

    (La suspensión será efectiva una vez advenga final Y firme la Sentencia conforme a la Regla 45 del Reglamento del Tribunal Supremo sobre reconsideración)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

                                    AB-1999-0081
                                    CP-2004-0002
Domiciano Valentín Maldonado


PER CURIAM

San Juan, Puerto Rico, a 5 de mayo de 2010.

I

El 29 de julio de 2002, el Contralor de Puerto Rico, en adelante Contralor, presentó un informe ante el Departamento de Justicia. En su informe, el Contralor señaló unos incidentes irregulares relacionados con la conducta profesional del Lcdo. Domiciano Valentín Maldonado,[1] los cuales fueron descubiertos mientras se realizaba una auditoría del

_____

[1] El licenciado Valentín Maldonado fue admitido al ejercicio de la abogacía el 25 de mayo de 1972 y al ejercicio de la notaría el 1 de diciembre de 1972. El 3 de febrero de 1977, fue suspendido del ejercicio de la notaría y, al día de hoy, no ha sido reinstalado.

Cuerpo de Emergencias Médicas de Puerto Rico, en adelante CEM.

En específico, el Contralor indicó en su informe que el licenciado Valentín Maldonado, luego de haber sido destituido de su cargo como Fiscal Auxiliar de Distrito,[2] fue nombrado al puesto de confianza de Director de Recursos Humanos del CEM,[3] y en dos (2) ocasiones posteriores,[4] al puesto de confianza de Ayudante Especial I del Director del CEM. Esto, a pesar que el licenciado Valentín Maldonado no le solicitó a la Oficina Central de Asesoramiento Laboral y de Administración de Recursos Humanos del CEM, en adelante OCALARH, que lo rehabilitara para ser reinstalado en el servicio público,[5] conforme a lo dispuesto en la sección 4.3 de la Ley Núm. 5 de 14 de

---

[2] El 13 de abril de 1989, el licenciado Valentín Maldonado fue destituido de su cargo como Fiscal Auxiliar de Distrito por haber desplegado conducta calificada como impropia, ilegal y contraria a las normas de comportamiento profesional.

[3] El licenciado Valentín Maldonado fue nombrado al puesto de confianza de Director de Recursos Humanos en agosto de 1998.

[4] El licenciado Valentín Maldonado fue nombrado al puesto de confianza de Ayudante Especial I en dos (2) ocasiones: el 1 de octubre de 1998, puesto que ocupó hasta el 1 de septiembre de 1999; y el 1 de septiembre de 2000, puesto que ocupó hasta el 28 de febrero de 2001.

[5] Esta rehabilitación es concedida por el Director de la Oficina de Administración de Recursos Humanos. 3 L.P.R.A. § 1333 (2000); 3 L.P.R.A. § 1462(g) (2006).

octubre de 1975;[6] la sección 6.2 del Reglamento de Personal para los Empleados de Confianza del CEM de 1989; y la sección 7.1 del Reglamento de Personal para los Empleados de Confianza del CEM de 2000.[7]

Luego de examinar el Informe del Contralor, el 1 de noviembre de 2002, el Procurador General presentó un informe ante este Tribunal en torno a la conducta del licenciado Valentín Maldonado. En su informe, el Procurador General indicó que el licenciado Valentín Maldonado incurrió en conducta profesional impropia "ya que con el pleno conocimiento de que había sido destituido del Gobierno, reingresó al servicio público sin haber solicitado rehabilitación a OCALARH".

El Procurador General especificó que la conducta profesional impropia desplegada por el licenciado Valentín Maldonado consistía en haber omitido información intencionalmente al cumplimentar el formulario de Historial de Personal. A esos efectos, el Procurador General puntualizó que

> [a] la pregunta de si había sido destituido de un puesto público, la respuesta ofrecida por [el licenciado Valentín Maldonado] fue N/A, en lugar de marcar el encasillado de SI o NO que provee el

---

[6] 13 L.P.R.A. §§ 1333(3) (2000). Esta ley fue derogada por la Ley Núm. 184 de 3 de agosto de 2004, 3 L.P.R.A. § 1462(g) (2006).

[7] El Informe del Contralor también reveló que el licenciado Valentín Maldonado se acogió a los beneficios de Sistemas de los Empleados del Gobierno y la Judicatura, y que para ello, le fueron acreditados los períodos de trabajo en el Centro de Emergencias Médicas de Puerto Rico.

propio formulario. El licenciado Valentín Maldonado tenía pleno conocimiento de su inhabilitación, por lo que se puede colegir que intencionalmente no marcó ninguno de los encasillados. De haber marcado el encasillado SI, el formulario exigía que acompañara copia de la carta de rehabilitación.

El 30 de enero de 2004, emitimos una Resolución mediante la cual le ordenamos al Procurador General a que presentara una querella en contra del licenciado Valentín Maldonado, en aras de continuar con el procedimiento disciplinario. Conforme a ello, el 29 de junio de 2004, el Procurador General presentó una querella en donde formuló el cargo siguiente:

> El Lcdo. Domiciano Valentín Maldonado incurrió en conducta profesional en violación al Canon 38 de los de Ética Profesional, 4 L.P.R.A. Ap. IX, C.38, el cual dispone, entre otras cosas, que por la confianza depositada como miembro de la ilustre profesión legal, todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable. Ciertamente, las actuaciones del querellado, al intencionalmente omitir información sobre su destitución para obtener un empleo en el servicio público para el cual no cualificaba (y por el cual se le acreditó tiempo trabajado para efectos de retiro), denotan una falta en integridad de trascendencia jurídica violatoria del Canon 38.

Examinada la querella presentada por el Procurador General, el 18 de agosto de 2004, le concedimos al licenciado Valentín Maldonado un término de quince (15) días para que contestara dicha querella y expresara su posición. Luego de varios trámites procesales, el 18 de marzo de 2005, el Sr. Yamil Valentín González presentó una moción por derecho propio ante este Tribunal. En ella, indicó que desde el mes de noviembre de 2004, su padre, el

licenciado Valentín Maldonado, padecía de ciertas incapacidades mentales y que, como consecuencia de ello, había sido ingresado a varios hospitales siquiátricos en Puerto Rico y en el estado de Florida.[8]

Posteriormente, el 15 de agosto de 2005, el Lcdo. Virgilio Mainardi Peralta y el Lcdo. Luis J. Marín Rodríguez, ambos representantes legales del querellado, presentaron otra moción. En ella indicaron que la condición mental del licenciado Valentín Maldonado era de tal grado que éste estaba impedido de ejercer la profesión de la abogacía competente y adecuadamente. Por ello, solicitaron que se desestimara la querella presentada en contra del licenciado Valentín Maldonado y se tramitara el caso de marras bajo la Regla 15(c) del Reglamento de este Tribunal.[9]

El 11 de junio de 2007, luego de haber nombrado un Comisionado Especial,[10] e iniciado el procedimiento establecido en la Regla 15(c) del Reglamento de este Tribunal, *supra*, el Tribunal de Circuito para el Condado

---

[8] El señor Valentín González incluyó como anejo una certificación médica emitida por el Dr. Luis G. Allen en donde se indicó que el licenciado Valentín Maldonado había sido diagnosticado con demencia y, posiblemente, Alzheimer de tipo vascular, enfermedades que le impiden de manejar sus asuntos personales y de trabajar eficientemente.

[9] 4 L.P.R.A. Ap. XXI-A R. 15(c).

[10] El 27 de abril de 2006, emitimos una Resolución en donde nombramos como Comisionado Especial al Sr. Víctor Rivera González para que se encargara del trámite de la querella presentada en contra del licenciado Valentín Maldonado bajo el procedimiento establecido en la Regla 15(c) del Reglamento de este Tribunal.

de Orange, ubicado en el estado de Florida, dictó una sentencia declarando como incapaz mental al licenciado Valentín Maldonado. Al así hacerlo, dicho foro judicial indicó, entre otras cosas, que el querellado estaba impedido de practicar la profesión de la abogacía. Esta sentencia fue debidamente convalidada por el Tribunal de Primera Instancia, Sala Superior de Arecibo, mediante un procedimiento de *Exequátur* instado por el señor Valentín González.[11]

Finalmente, el 14 de julio de 2009, el Comisionado Especial rindió su informe. En él nos recomienda que determinemos que el licenciado Valentín Maldonado está mentalmente incapacitado para ejercer la profesión de la abogacía. Visto el informe presentado por el Comisionado Especial, procedemos a resolver.

II

Como parte del poder inherente que tiene este Tribunal para regular la profesión de abogacía en Puerto Rico,[12] nos corresponde velar porque los abogados estén capacitados para cumplir fielmente con las serias responsabilidades que entraña el ejercicio de la

---

[11] *Véase* <u>Ex Parte Márquez Estrella</u>, 128 D.P.R. 243 (1991).

[12] <u>Coll v. Leake</u>, 17 D.P.R. 857, 866-868 (1911); <u>Ex Parte Jiménez</u>, 55 D.P.R. 54, 55 (1939); <u>In re Rodríguez Torres</u>, 106 D.P.R. 698, 748 (1978); <u>In re Fundación Facultad de Derecho Eugenio María de Hostos II</u>, 150 D.P.R. 508, 511-512 (2000); <u>In re Ramos Muñoz</u>, 155 D.P.R. 255, 259 (2001).

profesión.[13]   Así, "cuando la condición mental, física o emocional de un abogado no le permite ejercer cabal y adecuadamente todas las funciones y los deberes propios de la práctica de la abogacía, es menester suspender indefinidamente del ejercicio de la profesión legal al letrado mientras subsista su incapacidad".[14]   Claro está, esta suspensión indefinida no representa un desaforo, sino mas bien constituye una medida de protección social.[15]

En la mayoría de las ocasiones en que hemos suspendido indefinidamente a un abogado que se encuentra incapacitado mentalmente, dicha suspensión ha sido emitida conforme al inciso (c) de la Regla 15 del Reglamento de este Tribunal.[16]   Este inciso provee para que se lleve a cabo un procedimiento disciplinario especial en el que un Comisionado Especial recibe prueba de un panel de psiquiatras que ha examinado al abogado objeto de procedimiento.   Además, "en estos casos el procedimiento bajo la Regla 15(c) se realiza como respuesta a una preocupación sobre la capacidad mental del abogado que surge en el contexto de otro procedimiento disciplinario o

---

[13] In re Manzano Velázquez, 2009 T.S.P.R. 180, pág. 13 (*citando a* In re Gómez Morales, 146 D.P.R. 837, 846 (1998)).

[14] In re Gómez Vázquez, 145 D.P.R. 382, 383 (1998).

[15] In re Gómez Vázquez, 145 D.P.R. 382, 383 (1998) (*citando a* In re Miranda Cruz, 116 D.P.R. 709, (1985); In re Lanauze Ortiz, 114 D.P.R. 682, 683 (1983)).

[16] 4 L.P.R.A. Ap. XXI-A R. 15(c).

de la conducta desplegada por el letrado ante los tribunales".[17]

No obstante, el procedimiento disciplinario especial contenido en la Regla 15(c) del Reglamento de este Tribunal se torna innecesario "cuando la incapacidad mental del abogado queda acreditada por el hecho de mediar una declaración judicial de incapacidad o por estar recluido en un hospital u otro tipo de institución de cuido de enfermos mentales".[18]  A esos efectos, la Regla 15 del Reglamento de este Tribunal[19] dispone, en lo pertinente, lo siguiente:

> (b) Si un(a) abogado(a) fuere declarado incapaz judicialmente o fuere recluido(a) por incapacidad en una institución para enfermos mentales, probado el hecho, el Tribunal lo(la) suspenderá del ejercicio de la profesión mientras subsista su enfermedad.[20]

### III

En el caso de marras, ha quedado claramente establecido que el licenciado Valentín Maldonado está impedido de ejercer la profesión de la abogacía dada su condición mental.  Esta incapacidad fue declarada por el Tribunal de Circuito para el Condado de Orange, Florida, cuya sentencia fue debidamente convalidada mediante un procedimiento de *Exequátur* instado por el señor Valentín González.

---

[17] In re Costa del Moral, 164 D.P.R. 943, 946 (2005).

[18] *Id.*

[19] 4 L.P.R.A. Ap. XXI-A R. 15.

[20] 4 L.P.R.A. Ap. XXI-A R. 15(b).

Así pues, convalidada la sentencia que declaró la incapacidad mental del licenciado Valentín Maldonado, nos resulta forzoso concluir que el querellado debe ser suspendido indefinidamente del ejercicio de la profesión de abogacía mientras subsista dicha incapacidad. Esta suspensión no representa un desaforo sino una medida de protección social.[21]

IV

Por los fundamentos antes expuestos, se ordena el archivo y sobreseimiento de la querella presentada por el Procurador General bajo el Canon 38 de Ética Profesional. Se suspende indefinidamente al Lcdo. Valentín Maldonado del ejercicio de la abogacía, bajo la Regla 15(b) del Reglamento de este Tribunal, por estar incapacitado para ejercer la profesión. Se le ordena al licenciado Valentín Maldonado notificar a todos sus clientes, si alguno, de su presente inhabilidad para seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.[22]

Se dictará sentencia de conformidad.

---

[21] In re Gómez Vázquez, 145 D.P.R. 382, 383 (1998) (*citando a* In re Miranda Cruz, 116 D.P.R. 709, (1985); In re Lanauze Ortiz, 114 D.P.R. 682, 683 (1983)).

[22] In re Berríos Pagán, 167 D.P.R. 78, 81 (2006).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

                                    AB-1999-0081
                                    CP-2004-0002

Domiciano Valentín Maldonado


SENTENCIA

San Juan, Puerto Rico, a 5 de mayo de 2010.

Por los fundamentos antes expuestos, en la Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se ordena el archivo y sobreseimiento de la querella presentada por el Procurador General bajo el Canon 38 de Ética Profesional. Se suspende indefinidamente al Lcdo. Valentín Maldonado del ejercicio de la abogacía, bajo la Regla 15(b) del Reglamento de este Tribunal, por estar incapacitado para ejercer la profesión. Se le ordena al licenciado Valentín Maldonado notificar a todos sus clientes, si alguno, de su presente inhabilidad para seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo, Interina. La Juez Asociada señora Rodríguez Rodríguez concurre con el resultado sin opinión escrita.


                        Aida Ileana Oquendo Graulau
                        Secretaria del Tribunal Supremo