per curiam:
I
El 29 de julio de 2002, el Contralor de Puerto Rico (Con-tralor) presentó un informe ante el Departamento de Justicia. En éste, el Contralor señaló unos incidentes irre-gulares relacionados con la conducta profesional del Ledo. Domiciano Valentín Maldonado,(1) los cuales fueron descu-biertos mientras se realizaba una auditoría del Cuerpo de Emergencias Médicas de Puerto Rico (CEM).
En específico, el Contralor indicó en su informe que el licenciado Valentín Maldonado, luego de haber sido desti- *908 tuido de su cargo como Fiscal Auxiliar de Distrito(2) fue nombrado al puesto de confianza de Director de Recursos Humanos del CEM(3) y en dos ocasiones posteriores(4) al puesto de confianza de Ayudante Especial I del Director del CEM. Esto, a pesar que el licenciado Valentín Maldonado no le solicitó a la Oficina Central de Asesoramiento Labo-ral y de Administración de Recursos Humanos del CEM (OCALARH), que lo rehabilitara para ser reinstalado en el servicio público(5) conforme a lo dispuesto en la See. 4.3 de la Ley Núm. 5 de 14 de octubre de 1975(6) la See. 6.2 del Reglamento de Personal para los Empleados de Confianza del CEM de 1989, y la Sec. 7.1 del Reglamento de Personal para los Empleados de Confianza del CEM de 2000.(7)
Luego de examinar el informe del Contralor, el 1 de no-viembre de 2002, el Procurador General presentó un in-forme ante este Tribunal sobre la conducta del licenciado Valentín Maldonado. En su informe, el Procurador General indicó que el licenciado Valentín Maldonado incurrió en conducta profesional impropia, “ya. que con [el] pleno cono-cimiento de que había sido destituido del Gobierno, rein-gresó al servicio público sin haber solicitado rehabilitación a OCALARH”. Apéndice de la Querella, pág. 3.
El Procurador General especificó que la conducta profe- *909 sional impropia desplegada por el licenciado Valentín Maldonado consistía en haber omitido información intencio-nalmente al cumplimentar el formulario de “Historial de Personal”. A esos efectos, el Procurador General puntualizó que
[a] la pregunta de si había sido destituido de un puesto pú-blico, la respuesta ofrecida por [el licenciado Valentín Maldonado] fue N/A, en lugar de marcar el encasillado de SI o NO que provee el propio formulario. El licenciado Valentín Maldonado tenía pleno conocimiento de su inhabilitación, por lo que se puede colegir que intencionalmente no marcó nin-guno de los encasillados. De haber marcado el encasillado SI, el formulario exigía que acompañara copia de la carta de rehabilitación. Apéndice de la Querella, pág. 3.
El 30 de enero de 2004, emitimos una Resolución me-diante la cual le ordenamos al Procurador General a que presentara una querella contra el licenciado Valentín Maldonado, en aras de continuar con el procedimiento disciplinario. Conforme a ello, el 29 de junio de 2004, el Procurador General presentó una querella en la que for-muló el cargo siguiente:
El Ledo. Domiciano Valentín Maldonado incurrió en conducta profesional en violación al Canon 38 de los de Ética Profesio-nal, 4 L.P.R.A. Ap. IX, C.38, el cual dispone, entre otras cosas, que por la confianza depositada como miembro de la ilustre profesión legal, todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable. Ciertamente, las actuaciones del quere-llado, al intencionalmente omitir información sobre su desti-tución para obtener un empleo en el servicio público para el cual no cualificaba (y por el cual se le acreditó tiempo traba-jado para efectos de retiro), denotan una falta en integridad de trascendencia jurídica violatoria del Canon 38. Querella, pág. 4.
Examinada la querella presentada por el Procurador General, el 18 de agosto de 2004, concedimos al licenciado Valentín Maldonado un término de quince días para que contestara esta querella y expresara su posición. Luego de *910 varios trámites procesales, el 18 de marzo de 2005 el Sr. Ya mil Valentín González presentó una moción por derecho propio ante este Tribunal. En ella, indicó que desde no-viembre de 2004 su padre, el licenciado Valentín Maído-nado, padecía de ciertas incapacidades mentales y que, como consecuencia de ello, había sido ingresado a varios hospitales siquiátricos en Puerto Rico y en el estado de Florida.(8)
Posteriormente, el 15 de agosto de 2005, los Ledos. Vir-gilio Mainardi Peralta y Luis J. Marín Rodríguez, ambos representantes legales del querellado, presentaron otra moción. En ella indicaron que la condición mental del li-cenciado Valentín Maldonado era de tal grado que éste es-taba impedido de ejercer la profesión de la abogacía com-petente y adecuadamente. Por ello, solicitaron que se desestimara la querella presentada contra el licenciado Va-lentín Maldonado y se tramitara el caso de marras según la Regla 15(c) del Reglamento de este Tribunal.(9)
El 11 de junio de 2007, luego de haber nombrado un comisionado especial(10) e iniciado el procedimiento esta-blecido en la Regla 15(c) del Reglamento de este Tribunal, supra, el Tribunal de Circuito para el Condado de Orange, ubicado en el estado de Florida, dictó una sentencia para declarar como incapaz mental al licenciado Valentín Maldonado. Al así hacerlo, este foro judicial indicó, entre otras cosas, que el querellado estaba impedido de practicar la profesión de la abogacía. Esta sentencia fue debida-mente convalidada por el Tribunal de Primera Instancia, *911 Sala Superior de Arecibo, mediante un procedimiento de exequátur instado por el señor Valentín González.(11)
Finalmente, el 14 de julio de 2009, el Comisionado Especial rindió su informe. En él nos recomienda que deter-minemos que el licenciado Valentín Maldonado está inca-pacitado mentalmente para ejercer la profesión de la abogacía. Visto el informe presentado por el Comisionado Especial, procedemos a resolver.
II
Como parte del poder inherente que tiene este Tribunal para regular la profesión de abogacía en Puerto Rico,(12) nos corresponde velar porque los abogados estén capacita-dos para cumplir fielmente con las serias responsabilida-des que entraña el ejercicio de la profesión.(13) Así, “[cjuando la condición mental, física o emocional de un abo-gado no le permite ejercer cabal y adecuadamente todas las funciones y los deberes propios de la práctica de la aboga-cía, es menester suspender indefinidamente del ejercicio de la profesión legal al letrado mientras subsista su incapacidad”.(14) Claro está, esta suspensión indefinida no representa un desaforo, sino que constituye más bien una medida de protección social.(15)
En la mayoría de las ocasiones, en las que hemos sus-pendido indefinidamente a un abogado que se encuentra incapacitado mentalmente, esta suspensión ha sido emi-tida conforme al inciso (c) de la Regla 15 del Reglamento de *912 este Tribunal, supra. Este inciso provee para que se lleve a cabo un procedimiento disciplinario especial en el que un comisionado especial recibe prueba de un panel de psiquia-tras que ha examinado al abogado objeto de procedimiento. Además, “[e]n estos casos, el procedimiento se realiza como respuesta a una preocupación sobre la capacidad mental del abogado que surge en el contexto de otro procedimiento disciplinario o de la conducta desplegada por el letrado ante los tribunales”(16)
No obstante, el procedimiento disciplinario especial con-tenido en la Regla 15(c) del Reglamento de este Tribunal, supra, se torna innecesario "cuando la incapacidad mental del abogado queda acreditada por el hecho de mediar una declaración judicial de incapacidad o por estar recluido en un hospital u otro tipo de institución de cuido de enfermos mentales”(17) A esos efectos, la Regla 15 del Reglamento de este Tribunal(18) dispone, en lo pertinente, lo siguiente:
(b) Si un(a) abogado(a) fuere declarado incapaz judicialmente o fuere recluido(a) por incapacidad en una institución para enfermos mentales, probado el hecho, el Tribunal lo(la) sus-penderá del ejercicio de la profesión mientras subsista su enfermedad(19)
III
En este caso, ha quedado claramente establecido que el licenciado Valentín Maldonado está impedido de ejercer la profesión de la abogacía dada su condición mental. Esta incapacidad fue declarada por el Tribunal de Circuito para el condado de Orange, Florida, cuya sentencia fue debida-mente convalidada mediante un procedimiento de exequá-tur instado por el señor Valentín González.
*913 Así pues, convalidada la sentencia que declaró la inca-pacidad mental del licenciado Valentín Maldonado, nos re-sulta forzoso concluir que el querellado debe ser suspen-dido indefinidamente del ejercicio de la profesión de abogacía mientras subsista esa incapacidad. Esta suspen-sión no representa un desaforo sino una medida de protec-ción social. (20)
IV
Por los fundamentos expuestos, se ordena el archivo y sobreseimiento de la querella presentada por el Procurador General al amparo del Canon 38 del Código de Etica Pro-fesional, 4 L.P.R.A. Ap. IX. Se suspende indefinidamente al licenciado Valentín Maldonado del ejercicio de la abogacía, según la Regla 15(b) del Reglamento de este Tribunal, supra, por estar incapacitado para ejercer la profesión. Se le ordena al licenciado Valentín Maldonado notificar a todos sus clientes, si alguno, de su actual inhabilidad para seguir representándolos, les devuelva cualesquiera honorarios re-cibidos por trabajos no realizados e informe oportuna-mente de su suspensión a los distintos foros judiciales y administrativos del país.(21)

Se dictará sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez concu-rrió con el resultado sin opinión escrita.

 El licenciado Valentín Maldonado fue admitido al ejercicio de la abogacía el 25 de mayo de 1972 y al ejercicio de la notaría el 1 de diciembre de 1972. El 3 de febrero de 1977 fue suspendido del ejercicio de la notaría y, aún hoy, no ha sido reinstalado.

 El 13 de abril de 1989, el licenciado Valentín Maldonado fue destituido de su cargo como Fiscal Auxiliar de Distrito por haber desplegado una conducta calificada como impropia, ilegal y contraria a las normas de comportamiento profesional.

 El licenciado Valentín Maldonado fue nombrado al puesto de confianza de Director de Recursos Humanos en agosto de 1998.

 El licenciado Valentín Maldonado fue nombrado al puesto de confianza de Ayudante Especial I en dos ocasiones: el 1 de octubre de 1998, puesto que ocupó hasta el 1 de septiembre de 1999, y el 1 de septiembre de 2000, puesto que ocupó hasta el 28 de febrero de 2001.

 Esta rehabilitación es concedida por el Director de la Oficina de Administra-ción de Recursos Humanos. 3 L.RR.A. ant. see. 1333; 3 L.P.R.A. sec. 1462(g).

 13 L.P.R.A. ant. see. 1333(3). Esta ley fue derogada por la Ley Núm. 184 de 3 de agosto de 2004 (3 L.P.R.A. see. 1461 et seq.).

 El informe del Contralor también reveló que el licenciado Valentín Maído-nado se acogió a los beneficios del Sistema de Retiro de los Empleados del Gobierno y la Judicatura, y que para ello, le fueron acreditados los períodos de trabajo en el Centro de Emergencias Médicas de Puerto Rico.

 El señor Valentín González incluyó como anejo una certificación médica emi-tida por el Dr. Luis G. Alien, en la que se indicó que el licenciado Valentín Maldonado había sido diagnosticado con demencia y, posiblemente, Alzheimer de tipo vascular, enfermedades que le impiden manejar sus asuntos personales y trabajar eficientemente.

 4 L.P.R.A. Ap. XXI-A, R. 15(c).

 El 27 de abril de 2006, emitimos una resolución en la que nombramos como Comisionado Especial al Sr. Víctor Rivera González para que se encargara del trá-mite de la querella presentada contra el licenciado Valentín Maldonado según el procedimiento establecido en la Regla 15(c) del Reglamento de este Tribunal, supra.

 Véase Márquez Estrella, Ex parte, 128 D.P.R. 243 (1991).

 Coll v. Leake, Juez de Distrito, 17 D.P.R. 857, 866-868 (1911); Ex parte Jiménez, 55 D.P.R. 54, 55 (1939); In re Rodríguez Torres, 106 D.P.R. 698, 748 (1978); In re Fund. Fac. Der. E. Ma. De Hostos II, 150 D.P.R. 508, 511-512 (2000); In re Ramos Muñoz, 155 D.P.R. 255, 259 (2001).

 In re Manzano Velázquez, 177 D.P.R. 581 (2009), citando a In re Gómez Morales, 146 D.P.R. 837, 846 (1998).

 In re Gómez Vázquez, 145 D.P.R. 382, 383 (1998).

 In re Gómez Vázquez, supra (citando a In re Miranda Cruz, 116 D.P.R. 709, (1985); In re Lanauze Ortiz, 114 D.P.R. 682, 683 (1983)).

 In re Costa del Moral, 164 D.P.R. 943, 946 (2005).

 íd.

 4 L.P.R.A. Ap. XXI-A.

 4 L.P.R.A. Ap. XXI-A, R. 15(b).

 In re Gómez Vázquez, supra, pág. 383, citando a: In re Miranda Cruz, supra; In re Lanauze Ortiz, supra.

 In re Berrios Pagán, 167 D.P.R. 78, 81 (2006).