EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br><br> Magdalena Caratini Soto | 2023 TSPR 37 <br><br> 211 DPR ___ |

Número del Caso: TS-8,243

Fecha: 27 de marzo de 2023

Abogada de la Sra. Magdalena Caratini Soto:

    Por derecho propio

Oficina del Procurador General:

    Lcda. Mabel Sotomayor Hernández
    Subprocuradora General

    Lcda. Yaizamarie Lugo Fontanez
    Procuradora General Auxiliar

    Lcda. Gisela Rivera Matos
    Procuradora General Auxiliar

    Lcda. Melanie M. Mercado Méndez
    Procuradora General Auxiliar

Comisionada Especial:

    Hon. Crisanta González Seda

Materia: Regla 15 —Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría como medida de protección social al amparo de la Regla 15 del Reglamento del Tribunal Supremo.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Magdalena Caratini Soto          TS-8,243

*PER CURIAM*

En San Juan, Puerto Rico, a 27 de marzo de 2023.

Una vez más nos vemos obligados a ejercer nuestra facultad inherente de reglamentar la práctica de la abogacía para suspender indefinidamente a un miembro de la profesión como medida de protección social. Seguimos el proceso establecido en la Regla 15 del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, porque la abogada no se encuentra en condiciones aptas para ejercer cabal y adecuadamente las funciones propias de la profesión. De esta forma, se propende la rehabilitación del profesional y que los ciudadanos mantengan la confianza en la capacidad del abogado de prestar los servicios para los que está autorizado.

I

La Lcda. Magdalena Caratini Soto (promovida) fue admitida al ejercicio de la abogacía el 10 de enero de 1986 y prestó juramento como notaria el 13 de enero de 2017.

El 13 de febrero de 2020, el Sr. Ricardo Febles Mejías, Agente de la Policía (promovente) presentó una Queja (AB-2020-0018) en la Secretaría de este Tribunal en contra de la promovida. Explicó que el 11 de diciembre de 2019 expidió un boleto administrativo a la promovida, ya que estacionó su vehículo en un área de estacionamiento para personas con impedimentos.[1] Sostuvo que ese mismo día, la licenciada Caratini Soto presentó un recurso de revisión administrativa en el Tribunal de Primera Instancia y que la vista fue señalada para el 29 de enero de 2020. Arguyó que después de la celebración de la vista de revisión del boleto que fue declarado "no ha lugar", la licenciada Caratini Soto en actitud desafiante y agresiva se le acercó en el pasillo del Tribunal y le gritó varias expresiones frente a otras personas que se encontraban también en el Tribunal.[2] Indicó que, ante lo ocurrido, la Sargento Blanca Ortiz presentó una querella por alteración a la paz en contra de la promovida.

_____

[1] Art. 2.29 de la Ley Núm. 22-2000, Ley de Vehículos y Tránsito de Puerto Rico, 9 LPRA sec. 5030.

[2] Específicamente, alegó que las expresiones realizadas por la licenciada Caratini Soto fueron las siguientes:
  "Febus tu eres de Aibonito qué haces dando tickets en Coamo"; "Me las vas a pagar voy a tomar acción"; "Yo soy abogada y me parqueo donde quiera" y "A que no le das otro ticket a mi carro mira donde lo estacioné, ahí se parquean abogados todo el tiempo".

Por su parte, la promovida presentó su *Contestación a la queja* mediante la cual planteó, entre otras cosas, que la queja presentada es secuela de la solicitud de revisión que presentó en el foro primario para impugnar un boleto administrativo que le dio el promovente por estacionarse en un área de estacionamiento para personas con impedimentos. Asimismo, arguyó la improcedencia del boleto. La promovida mencionó que no quería estar en confrontación con la uniformada y lamentó el inconveniente causado al oficial.[3]

Así las cosas, la Oficina del Procurador General presentó el *Informe del Procurador General* en el que concluyó que no procedía imputarle una violación al Canon 38 del Código de Ética Profesional, 4 LPRA Ap. IX, y recomendó el archivo de la queja presentada en contra de la promovida. A pesar de entender que las expresiones de la promovida fueron inadecuadas e innecesarias, el Procurador General determinó que no la hacían indigna de ejercer la profesión legal.

Este Tribunal emitió una Resolución en la que otorgó un término de veinte días a las partes para expresarse sobre el *Informe del Procurador General*.

En respuesta, el señor Febles Mejías presentó un escrito intitulado *Contestación a la resolución del 16 de febrero de 2021, emitida por el Informe del Procurador General del Tribunal Supremo*. En síntesis, reiteró las

---

[3] Contestación a la queja, págs. 1-2.

alegaciones presentadas en la queja. Además, informó que, en represalia, la promovida lo incluyó como parte demandada en un pleito (Caso Civil Núm. CO2020CV00276) frívolo presentado en el foro primario.[4] En el referido pleito, el promovente solicitó la desestimación de la demanda en su contra, ya que expidió el boleto en contra de la promovida en el cumplimiento del deber.[5]

Después de examinar el escrito presentado por el promovente, emitimos una *Resolución* en la que ordenamos al Procurador General ampliar la investigación.

Tras varios trámites procesales, el Procurador General presentó el *Informe complementario de la Oficina del Procurador General*. En resumen, el Procurador General concluyó que la promovida presentó un pleito que no justificaba la concesión de un remedio, recomendó la amonestación por incumplimiento del Canon 17 del Código de Ética Profesional, *supra,* y, además, apercibirle que en el

---

[4] La promovida presentó una demanda sobre daños y perjuicios sobre el mismo núcleo de hechos (Caso Civil Núm. CO2020CV00276) en la que incluyó como parte demandada, entre otros, al promovente de esta Queja. Específicamente, la promovida arguyó en la demanda que el 11 de diciembre de 2019 compareció a la Sala Municipal de Coamo a presentar una orden de protección por derecho propio y se estacionó en el área de estacionamientos para personas con impedimentos, ya que el conserje la despistó al intervenir con ella. Alegó que al bajarse de su vehículo resbaló y se cayó por una sustancia líquida que estaba en el suelo. Sostuvo que nadie la ayudó a pesar de que entró con su rodilla y tobillo lastimados al Tribunal. En cuanto al agente Febles Mejías, planteó que le expidió el boleto sin permitir que explicara lo relacionado a su caída.

[5] Tras una evaluación del trámite del Caso Civil Núm. CO2020CV00276 en la plataforma del Sistema Unificado de Manejo y Administración de Casos (SUMAC), debemos mencionar que refleja que la acción instada contra el agente promovente fue desestimada con perjuicio. Esto mediante una Sentencia Parcial emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama, el 19 de julio de 2021.

futuro se le podrían imponer medidas disciplinarias más severas.

El Procurador General explicó que de un examen del expediente del Caso Civil Núm. CO2020CV00276 no existía relación entre la caída de la demandante y la expedición del boleto del agente Febles Mejías, por lo que entendía que este no respondía por la caída de la promovida al no presentar hechos que justificaran la concesión de un remedio. Añadió que, según surgía de los escritos presentados en el foro primario, la promovida pretendía que se concluyera que la caída fue producto del boleto expedido. Finalmente, puntualizó que la promovida se estacionó en el área de estacionamiento para personas con impedimentos, se cayó, fue al tribunal y posteriormente, el promovente le expidió el boleto por estacionarse en un lugar que no le correspondía.

**En lo pertinente, el 30 de noviembre de 2021, la licenciada Caratini Soto presentó una *Moción sometiendo recibo envío por email de carta al Secretario de Justicia Hon. Domingo Emmanuel enviado al agente Ricardo Febles [sic] en la que presentó alegaciones incongruentes, en total ausencia de lógica y relación con la queja presentada en su contra.* En el referido documento, entre otras cosas, sostuvo que existía un patrón de persecución en su contra, la falta de cooperación de las autoridades y el temor por su seguridad, por entender que vecinos y terceros le quieren

causar un daño. Asimismo, adujo que personas entran a su residencia y se hacen pasar por ella.

Por otro lado, la promovida presentó un *Formulario de querella administrativa en el negociado de la policía de Puerto Rico* en contra del agente Febles Mejías por los incidentes ocurridos el 11 de diciembre de 2019 en el foro primario y en el Caso Civil Núm. CO2020CV00276. También, presentó una *Queja y relación de hechos* ante el Departamento de Justicia en la que expresó que no quiere ser amiga de su vecina y que su familia le presenta casos para chantajearla, ya que si vuelve a ser amiga de su vecina retiran el caso. Finalmente, envió por correo electrónico unos documentos que no fueron solicitados ni guardaban relación con la queja sin fundamento ni explicación alguna.

Posteriormente, este Tribunal ordenó al Procurador General a reexaminar la recomendación anterior al amparo del escrito que presentó la promovida el 30 de noviembre de 2021.

Así las cosas, el Procurador General presentó una *Moción en cumplimiento de orden de la Oficina del Procurador General de Puerto Rico* en la que reiteró el incumplimiento del Canon 17 del Código de Ética Profesional, *supra*, y añadió que, tras realizar una evaluación integral de las actuaciones de la promovida según expuso en los informes y comparecencias mencionadas, le surgieron dudas sobre la capacidad mental de la promovida. Por ello, recomendó que se refiera el asunto al trámite contemplado en la Regla 15

del Reglamento del Tribunal Supremo, *supra*, previo a sancionar a la promovida por la conducta mencionada en los informes anteriores.

La licenciada Caratini Soto replicó el escrito del Procurador General con la presentación de un escrito ante este Tribunal que resultó confuso e incongruente.[6]

**Examinados ambos escritos, el 24 de junio de 2022, emitimos una Resolución en la que ordenamos el inicio del procedimiento dispuesto en la Regla 15(c) del Reglamento del Tribunal Supremo, *supra*, para realizar una determinación sobre la capacidad mental de la licenciada Caratini Soto.**

Así, designamos a la Hon. Crisanta González Seda (Comisionada Especial), exjueza del Tribunal de Primera Instancia, como Comisionada Especial para que recibiera prueba sobre la capacidad mental de la licenciada Caratini Soto y rindiera su informe en conformidad con la Regla 15(c) del Reglamento del Tribunal Supremo, *supra.* Asimismo, concedimos un término para que se asignara el panel de tres médicos psiquiatras que evaluarían a la letrada, según dispone la Regla antes citada.

Mediante Orden emitida en esa misma fecha, la Comisionada Especial advirtió y apercibió al Procurador General y a la licenciada Caratini Soto que si dentro del término de diez días que establece la Regla 15(c) del

---

[6] En protección de la dignidad de la licenciada Caratini Soto, ante la publicación de las Opiniones *Per Curiam* para beneficio de la comunidad, omitiremos incluir una reproducción textual de varios de los escritos que presentó ante este Tribunal.

Reglamento del Tribunal Supremo, *supra*, no notificaban la designación del perito psiquiatra, la Comisionada Especial realizaría la designación. Asimismo, orientó a la licenciada Caratini Soto sobre lo establecido en el inciso (e) de la Regla 15 del Reglamento del Tribunal Supremo, *supra*, a los efectos de que, si se negare a someterse a un examen médico por los peritos admitidos, tal negativa se considerará como evidencia *prima facie* de su incapacidad mental con las consecuencias que determine este Foro.

Por su parte, la promovida presentó una moción en la que anunció a su Psiquiatra personal, el Dr. Ángel Gómez Rodríguez, como su perito e incluyó su dirección. Sin embargo, incumplió con informar que el perito confirmó que podía ser parte del Comité de Peritos en el procedimiento, no presentó las calificaciones de este, no estableció la fecha de evaluación ni mencionó la fecha en que rendiría su informe. Por ello, la Comisionada Especial ordenó a la licenciada Caratini Soto a cumplir con la totalidad de la *Orden* emitida anteriormente al presentar la información requerida. Además, reiteró los apercibimientos realizados.

Tras varios trámites que no es necesario pormenorizar, según establece la Regla 15(c) del Reglamento de nuestro Tribunal, *supra,* el Procurador General nombró al Dr. Raúl E. López como su perito y la Comisionada Especial designó también como peritos a la Dra. Cynthia Casanova Pelosi y la Dra. Dor Marie Arroyo Carrero. Ello, porque transcurrido en exceso el término sin que la licenciada Caratini Soto

designara su perito de preferencia, la Comisionada Especial se vio obligada a designar a la doctora Arroyo Carrero. Nuevamente, de igual forma, se orientó y apercibió a la licenciada Caratini Soto sobre lo establecido en la Regla 15(e) del Reglamento de este Tribunal, *supra*.

Durante la evaluación de la doctora Casanova Pelosi, la licenciada Caratini Soto se comprometió a presentar una copia del expediente de servicios psiquiátricos que le ofreció el doctor Gómez Rodríguez y el expediente de su médico primario. Sin embargo, ante su incumplimiento, la Comisionada Especial ordenó que en un término no mayor de cinco días cumpliera con la entrega de los documentos solicitados por la doctora Casanova Pelosi.[7]

La promovida presentó un correo electrónico con algunas expresiones incoherentes. Tras analizar el contenido del mensaje anterior, la Comisionada Especial ordenó que fuera considerado como una Moción, se hiciera formar parte del expediente y, además, que el documento fuera notificado a todas las partes. En cuanto al contenido, la Comisionada Especial determinó que la licenciada Caratini Soto canceló las citas con los peritos sin autorización ni justificación para no comparecer. Por ello, advirtió nuevamente sobre lo dispuesto por la Regla 15(e) del Reglamento de este Tribunal, *supra*.

---

[7] Adviértase que la licenciada Caratini Soto no cumplió con la entrega de los documentos solicitados.

En cumplimiento con lo ordenado por la Comisionada Especial, los peritos presentaron sus informes el 15 de noviembre de 2022. Así, en esa misma fecha, la Comisionada Especial otorgó un término de diez días al Procurador General y a la licenciada Caratini Soto para que informaran su posición en cuanto a los informes presentados y presentaran cualquier evidencia adicional -documental o testifical- que debía ser considerada por la Comisionada Especial.

Tras recibir las respuestas de ambas partes, el asunto quedó sometido ante la Comisionada Especial para la presentación de su informe con la evidencia que obraba en el expediente.

El 30 de enero de 2023, la Comisionada Especial rindió su informe ante este Tribunal y puntualizó lo siguiente:

> Este asunto, trata de una abogada con muchos años en la práctica de la profesión, que no acepta su condición mental actual, no está recibiendo el tratamiento necesario para la misma y obstaculizó el proceso al no cumplir las órdenes y no colaborar con las peticiones de información importante de los miembros del Comité de Psiquiatras y al suspender algunas citas de evaluación, sin causa que lo justificara.
>
> En este caso, los peritos que forman parte del Comité de Peritos y rindieron informes sobre las evaluaciones que realizaron a la licenciada Caratini Soto, coinciden en sus evaluaciones y diagnósticos en cuanto a que la licenciada Caratini Soto padece de un conjunto de síntomas y situaciones emocionales que limitan su capacidad para ejercer funciones de abogada y que pueda atemperar su conducta a las exigencias de la profesión legal. Las conclusiones y recomendaciones son categóricas respecto a la condición mental de la licenciada

Caratini Soto, en este momento, y la necesidad de que se someta a un tratamiento optimizado.

Las actuaciones de la Lcda. Magdalena Caratini Soto, que surgen del expediente, así como su conducta en este procedimiento con el y las peritos que la evaluaron y el resultado de dichas evaluaciones establece que la abogada, en este momento no tiene la condición mental requerida para ejercer la profesión de abogada. Las evaluaciones, opiniones y conclusiones de los psiquiatras que componen el Comité de Peritos constituyen evidencia suficiente que establece que la condición de la salud mental de la licenciada Magdalena Caratini Soto, provoca actuaciones de su parte que limitan sus habilidades y capacidades como persona y como abogada. Las personas que comparecen a su oficina a solicitar sus servicios como tal, están ajenas a su condición mental y que sus derechos pueden perjudicarse. Por ello, con el mayor respeto expresamos nuestro criterio, fundamentado en los hechos que evaluamos en este procedimiento, de que, en este momento, la licenciada Caratini Soto no está en condiciones de cumplir con las responsabilidades inherentes a la práctica de la abogacía, debido a su actual condición de salud mental, que no reconoce.[8]

Conforme a lo anterior, la Comisionada Especial determinó que al considerar la totalidad de la evidencia en este caso quedó establecido que "la condición emocional de la licenciada Caratini Soto no le permite en este momento ejercer cabal y adecuadamente las funciones y deberes propios de la práctica de la abogacía […]".[9]

Así, recomienda a este Tribunal que "la separe del ejercicio de la profesión legal hasta que ésta pueda demostrar que ha recibido el tratamiento apropiado y ha podido rehabilitarse de su actual estado emocional. Ello,

---

[8] Informe de la Comisionada Especial, págs. 32-33.

[9] Íd., pág. 33.

sin que la separación represente un desaforo, sino una medida de protección social".[10]

Posteriormente, la licenciada Caratini Soto presentó una moción para someter documentos a su expediente.[11]

Finalmente, el 7 de febrero de 2023, el caso quedó sometido en los méritos para la evaluación de este Tribunal.

## II

La Regla 15 del Reglamento del Tribunal Supremo, *supra*, cumple con el propósito de establecer el procedimiento para separar indefinidamente a un abogado del ejercicio de la abogacía cuando no pueda desempeñarse de manera competente y adecuada por razón de una condición mental o emocional.[12] En esos casos, este Tribunal designará a un Comisionado Especial que se encargará de recibir, investigar y evaluar prueba sobre la incapacidad mental del abogado.[13]

El inciso (c) de la Regla 15 de nuestro Reglamento, *supra*, presenta un procedimiento especial para aquellos casos en los que, durante el trámite de un procedimiento disciplinario, surjan dudas sobre la capacidad mental del

---

[10] Íd.

[11] Cabe resaltar que, durante el trámite procesal, la licenciada Caratini Soto ha presentado varias mociones en las que aneja documentos que no le han sido solicitados por este Tribunal ni por la Comisionada Especial.

[12] *In re Géigel Bunker*, 2022 TSPR 87, pág. 6, 210 DPR __ (2022); *In re Rodríguez Torres*, 2022 TSPR 88, pág. 6, 210 DPR __ (2022); *In re Pagán Hernández*, 207 DPR 728, 737 (2021); *In re Chiqués Velázquez*, 201 DPR 969, 971 (2019).

[13] *In re Rodríguez Torres*, 2022 TSPR 88, págs. 6-7, 210 DPR __ (2022); *In re Pagán Hernández*, *supra*.

abogado en cuestión.[14] Así, establece que con el propósito de examinar al abogado se designarán tres (3) peritos psiquiatras, los cuales rendirán sus respectivos informes con sus conclusiones. Estos peritos son designados sucesivamente por el Comisionado o Comisionada Especial, por el Procurador General y por el abogado.[15] Además, la referida Regla 15(c) del Reglamento de este Tribunal, *supra*, faculta al Comisionado o Comisionada Especial a realizar la designación del psiquiatra correspondiente en aquellos casos en los que la parte querellada, no realice su designación en el término que provee la Regla.[16]

Cabe resaltar que la Regla 15(e) del Reglamento del Tribunal Supremo, *supra*, establece una presunción de incapacidad mental contra el abogado o la abogada que se niegue a someterse a los trámites provistos en la Regla 15 del Reglamento del Tribunal Supremo, *supra*.[17] En particular, la Regla 15(e) dispone:

> Si durante el procedimiento indicado en el inciso (c) de esta regla el abogado querellado o la abogada querellada se niega a someterse al examen médico ante los siquiatras designados o las siquiatras designadas, ello se considerará como prueba *prima facie* de su incapacidad mental, por lo que podrá ser suspendido o suspendida preventivamente del ejercicio de la profesión. 4 LPRA Ap. XXI-B, R. 15(e).

---

[14] *In re Pagán Hernández*, *supra*; *In re Chiqués Velázquez*, *supra*, pág. 972; *In re Gutiérrez Santiago*, 179 DPR 739, 743 (2010).

[15] *In re Géigel Bunker*, *supra*; *In re Rodríguez Torres*, 2022 TSPR 88, pág. 7, 210 DPR __ (2022); *In re Pagán Hernández*, *supra*.

[16] *In re Rodríguez Torres*, *supra*.

[17] *In re Rodríguez Torres*, *supra*; *In re Gutiérrez Santiago*, *supra*.

Conforme con lo anterior y a tenor con nuestro poder inherente para regular la profesión de la abogacía en Puerto Rico, hemos expresado que "[c]uando la condición mental, física, emocional de un abogado no le permite ejercer cabal y adecuadamente todas las funciones y los deberes propios de la práctica de la abogacía, es menester suspender indefinidamente del ejercicio de la profesión legal al letrado mientras subsista su incapacidad".[18]

Ahora bien, debemos recordar que esta suspensión indefinida no representa una sanción disciplinaria, sino que constituye únicamente una medida de protección social.[19] Finalmente, sometido el informe del Comisionado Especial, el Tribunal resolverá lo que en derecho proceda.[20]

De esta forma, luego de evaluar el informe que presentó la Comisionada Especial, en conjunto con la evidencia que consta en el expediente del caso, coincidimos con la Comisionada Especial al concluir que la condición emocional de la licenciada Caratini Soto no le permite ejercer cabal y adecuadamente las funciones y los deberes propios de la práctica de la abogacía en este momento.

---

[18] *In re Géigel Bunker*, 2022 TSPR 87, pág. 7, 210 DPR __ (2022); *In re Rodríguez Torres*, 2022 TSPR 88, pág. 8, 210 DPR __ (2022); *In re Pagán Hernández*, *supra*, pág. 738; *In re Valentín Maldonado*, 178 DPR 906, 911 (2010) (citando a *In re Gómez Vázquez*, 145 DPR 382, 383 (1998)).

[19] *In re Géigel Bunker*, *supra*; *In re Rodríguez Torres*, *supra*; *In re Pagán Hernández*, *supra*; *In re Chiqués Velázquez*, *supra*; *In re López Morales*, 184 DPR 334, 347 (2012); *In re Valentín Maldonado*, *supra*, pág. 911.

[20] Regla 15(g) del Reglamento del Tribunal Supremo, *supra*; *In re Géigel Bunker*, 2022 TSPR 87, págs. 6-7, 210 DPR __ (2022).

En consecuencia, conforme a la Regla 15(g) del Reglamento del Tribunal Supremo, *supra*, separamos a la licenciada Caratini Soto inmediata e indefinidamente del ejercicio de la profesión hasta tanto pueda demostrar que ha podido recibir el tratamiento apropiado y rehabilitarse de su actual estado emocional.

## III

Por los fundamentos expuestos, se acoge la recomendación emitida por la Comisionada Especial, y se suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría a la Lcda. Magdalena Caratini Soto. Esta suspensión estará vigente hasta que la abogada pueda acreditar que se encuentra capacitada para ejercer la profesión nuevamente. Esta suspensión no constituye un desaforo, sino una medida de protección social.

En consecuencia, se le impone a la señora Caratini Soto el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolver los expedientes de los casos pendientes, así como cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, deberá informar oportunamente su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Por último, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó su suspensión,

dentro del término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se ordena al Alguacil de este Tribunal que incaute inmediatamente la obra protocolar y el sello notarial de la señora Caratini Soto y los entregue al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por la señora Caratini Soto durante el periodo en que la fianza estuvo vigente.

Notifíquese.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Magdalena Caratini Soto            TS-8,243

SENTENCIA

En San Juan, Puerto Rico, a 27 de marzo de 2023.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, se acoge la recomendación emitida por la Comisionada Especial, y se suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría a la Lcda. Magdalena Caratini Soto. Esta suspensión estará vigente hasta que la abogada pueda acreditar que se encuentra capacitada para ejercer la profesión nuevamente. Esta suspensión no constituye un desaforo, sino una medida de protección social.

En consecuencia, se le impone a la señora Caratini Soto el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolver los expedientes de los casos pendientes, así como cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, deberá informar oportunamente su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Por último, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó su suspensión, dentro del término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se ordena al Alguacil de este Tribunal que incaute inmediatamente la obra protocolar y el sello notarial de la señora Caratini Soto y los entregue al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por la señora Caratini Soto durante el periodo en que la fianza estuvo vigente.

Notifíquese.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Rivera García no intervino.


                              Javier O. Sepúlveda Rodríguez
                              Secretario del Tribunal Supremo