EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2025 TSPR 101 |
| Yarivette Mojica Hernández | 216 DPR ___ |

Número del Caso:  TS-18,002


Fecha:  14 de octubre de 2025


Representante legal de la Sra. Yarivette Mojica Hernández:

     Por derecho propio


Oficina del Procurador General:

     Lcdo. Edwin B. Mojica Camps
     Subprocurador General

     Lcda. Yaizamarie Lugo Fontánez
     Procuradora General Auxiliar


     Lcda. Fabiola Sosa Baco
     Procuradora General Auxiliar


Comisionada Especial:

     Hon. Crisanta González Seda


Materia:  Regla 15 – Suspensión indefinida del ejercicio de la abogacía como medida de protección social al amparo de la Regla 15 del Reglamento del Tribunal Supremo.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: | |
| Yarivette Mojica Hernández | TS-18,002 |

PER CURIAM

En San Juan, Puerto Rico, a 14 de octubre de 2025.

En esta ocasión, ejercemos nuestra facultad inherente de regular la práctica de la abogacía y la notaría y, en consecuencia, suspendemos indefinidamente a una abogada como medida de protección social. Conforme al procedimiento dispuesto en la Regla 15 del Reglamento del Tribunal Supremo, *infra*, determinamos que la abogada no se encuentra en condiciones aptas para desempeñar cabal y adecuadamente las funciones propias de la profesión legal.

A continuación, describiremos el escenario fáctico que dio lugar a este desenlace.

I

La Lcda. Yarivette Mojica Hernández (licenciada Mojica Hernández) fue admitida al ejercicio de la abogacía el 17 de agosto de 2010 y juramentó como notaria el 10 de septiembre de ese mismo año.

El 18 de enero de 2024, la Oficina de Inspección de Notarías (ODIN) citó a la licenciada Mojica Hernández como

parte del proceso rutinario de inspección de su obra notarial. Luego de varios trámites –entre ellos, la concesión de prórrogas, reinspecciones efectuadas por personal de la ODIN y posteriores incumplimientos–, el 21 de marzo de 2025 la ODIN acudió a este Tribunal y presentó un *Informe especial sobre incumplimiento en la corrección de deficiencias notificadas, solicitando incautación preventiva de obra notarial y en solicitud de remedios* (Informe especial).

Como parte del Informe especial, la ODIN señaló que a la licenciada Mojica Hernández se le brindaron múltiples oportunidades para atender los asuntos que impedían la aprobación de la obra notarial examinada.[1] Pese a ello, informó que los comentarios de la licenciada, su actitud poco colaboradora y confrontativa,[2] así como las condiciones

---

[1]Específicamente, durante el proceso de inspección, la ODIN rindió, en tres fechas distintas, tres informes de señalamientos dirigidos a la licenciada Mojica Hernández, con el fin de indicarle los asuntos que debía subsanar en su obra notarial. *Informe especial* de la ODIN, págs. 2-3.

[2]Entre otros asuntos, la ODIN detalló que la licenciada Mojica Hernández: (1) se negó a trasladarse al Archivo Notarial del Distrito Notarial de San Juan para celebrar el tercer y último proceso de reinspección programado; (2) en una ocasión, manifestó que la inspectora asignada no tenía la facultad para realizar señalamientos adicionales en su obra notarial, los cuales, según ella, habían retrasado el proceso de aprobación; (3) en otra instancia, expresó que solo era responsable de atender tres de los señalamientos informados y que los restantes no serían atendidos, ya que, a su juicio, no había nada más que subsanar. Íd., págs. 3-5.

del lugar donde se encontraba su obra notarial,[3] impidieron culminar la inspección iniciada hacía más de un año.

A esos fines, la ODIN nos solicitó que: (1) ordenáramos preventivamente la incautación de la obra protocolar y del sello notarial de la licenciada Mojica Hernández; (2) se le concediera un término para que mostrara causa por la cual no debía ser suspendida del ejercicio de la notaría; y (3) se le otorgara un término para que finiquitara el proceso de subsanación de la obra notarial correspondiente a los años 2019, 2022 y 2023, así como del Volumen Segundo del Libro de Registro de Testimonios.

En atención a ello, el 28 de marzo de 2025 emitimos una *Resolución* mediante la cual ordenamos la incautación preventiva de la obra protocolar y del sello notarial, con instrucciones de entrega al Director de la ODIN para el trámite correspondiente. Además, concedimos a la licenciada Mojica Hernández un término de diez (10) días para mostrar causa por la cual no debía ser suspendida del ejercicio de la notaría, así como un término de treinta (30) días para subsanar las deficiencias que impedían la aprobación de su obra protocolar.

_____

[3]Según el Informe especial, la última reinspección se reprogramó a petición de la licenciada Mojica Hernández para efectuarse en su propia sede notarial. Cuando el personal de la ODIN acudió al lugar el 17 de diciembre de 2024, constató que la oficina no contaba con servicio eléctrico, internet ni ventilación. Aún así, durante el proceso, la abogada recalcó que su sede notarial estaba habilitada y no había necesidad de citarle en otro lugar distinto. Íd., págs. 4-6.

En igual fecha, emitimos otra *Resolución* en la que instruimos a la Oficina del Procurador General para que realizara una investigación y presentara un informe sobre una *Queja* que se presentó en contra de la licenciada Mojica Hernández el 3 de diciembre de 2024. Al respecto, la Lcda. Nicole M. Alvira López (licenciada Alvira López) comunicó a este Tribunal que la licenciada Mojica Hernández le había enviado, así como a otros compañeros y compañeras de la profesión legal, mensajes acusatorios, difamatorios y falsos. Explicó que estas comunicaciones comenzaron en octubre de 2022 y se realizaron a través de mensajes de texto, mensajes de voz, correos electrónicos y publicaciones en redes sociales. En concreto, sostuvo que estos mensajes contenían acusaciones de acecho, acoso sexual, apropiación ilegal, fraude y otras conductas similares. Además, expresó que temía por su seguridad debido a la <u>conducta errática</u> de la licenciada Mojica Hernández.[4] Para respaldar sus afirmaciones, adjuntó copias de varios mensajes recibidos y enviados.

El 4 de abril de 2025, la ODIN presentó una *Moción informativa recomenda[n]do referido al amparo de la Regla 15*

---

[4]Cabe señalar que, el 4 de marzo de 2025, la licenciada Alvira López presentó un *Escrito informativo* en el que, respetuosamente, manifestó que, tras recibir copia de la *Contestación a la queja* presentada por la licenciada Mojica Hernández, consideraba más adecuado que este Tribunal iniciara un procedimiento bajo la Regla 15 del Reglamento del Tribunal Supremo, *infra*, en lugar de un procedimiento disciplinario.

*del Reglamento del Tribunal Supremo.* En esencia, informó que la licenciada Mojica Hernández envió un correo electrónico a varios funcionarios de la ODIN con un escrito que contenía hechos ajenos al proceso de inspección y al Informe especial, incluyendo comentarios infundados y asuntos relacionados con la vida privada de la inspectora que examinó la obra notarial.[5] La ODIN destacó que ese escrito evidencia el desconocimiento de la abogada sobre el procedimiento de inspección, las facultades de los inspectores e inspectoras y los poderes de la ODIN. A su vez, precisó que la incoherencia de su contenido sugiere que no está emocionalmente capacitada para ejercer la notaría. Por ello, solicitó referirla al proceso estatuido en la Regla 15 del Reglamento del Tribunal Supremo, *infra.*

El 11 de abril de 2025, la ODIN compareció nuevamente ante este Tribunal mediante *una Moción notificando incumplimiento de orden y reiterando recomendaciones previas hechas por esta oficina.* En resumen, señaló que la licenciada Mojica Hernández incumplió con el término de diez (10) días concedido en la *Resolución* del 28 de marzo de 2025 para exponer las razones por las cuales no debía ser suspendida

---

[5]Entre otros asuntos, la licenciada Mojica Hernández aludió a una solicitud de nombramiento judicial; mencionó un presunto fraude relacionado con promociones de bodas en su contra por aproximadamente $18,000,000.00, según lo registrado en sus redes sociales; y adjuntó imágenes provenientes de la cuenta personal y privada de Facebook de la Inspectora de Protocolos y Notarías a cargo del proceso de inspección.

de la notaría. Informó que la oficina de alguaciles de este Tribunal confirmó que la letrada no entregó su protocolo ni su sello notarial cuando acudieron a su oficina a incautarlos. Por estas razones, solicitó la separación inmediata de la licenciada Mojica Hernández de la práctica notarial, reiteró el referido al proceso dispuesto en la Regla 15, *infra*, y requirió la suspensión del procedimiento de subsanación de la obra notarial hasta tanto esta sea recuperada y puesta bajo su custodia.

Posteriormente, recibimos el *Certificado de diligenciamiento del Alguacil*. En este escrito, el alguacil de este Tribunal, el Sr. Abdiel Rodríguez Locricchio, expuso que el 10 de abril de 2025, y conforme a lo ordenado en la *Resolución* del 28 de marzo de 2025, diligenció el mandamiento para incautar la obra protocolar y el sello notarial de la licenciada Mojica Hernández. No obstante, explicó que esta se negó a entregarlos, por lo que devolvió el diligenciamiento negativo para el trámite correspondiente.

El 15 de abril de 2025, emitimos una *Resolución* en la cual suspendimos provisionalmente a la licenciada Mojica Hernández del ejercicio de la abogacía y de la notaría, como medida de protección social. En la misma, le reiteramos a la abogada la obligación de entregar su obra protocolar y su sello notarial a los funcionarios alguaciles de este Tribunal cuando estos acudieran a incautarlos. Además, ordenamos la designación de un Comisionado o Comisionada Especial para

dar inicio al procedimiento dispuesto en la Regla 15 del Reglamento del Tribunal Supremo, *infra*, con el fin de auscultar la capacidad mental de la licenciada Mojica Hernández para continuar ejerciendo la práctica legal. Por lo tanto, dispusimos la paralización del procedimiento iniciado ante la Oficina del Procurador General en torno a la *Queja* que presentó la licenciada Alvira López, hasta tanto se dilucidara el proceso conforme a la referida Regla 15.

Similarmente, y de forma paralela al inicio del procedimiento al amparo de la Regla 15 del Reglamento de este Tribunal, *infra*, emitimos una *Resolución* en la que ordenamos al Tribunal de Primera Instancia comenzar un proceso de desacato civil contra la licenciada Mojica Hernández. Esta medida respondió a su incumplimiento con nuestras órdenes al negarse nuevamente a entregar su obra protocolar y su sello notarial a los alguaciles del Tribunal Supremo. En específico, la alguacila de este Tribunal, la Sra. Yaritza Vázquez Osorio, indicó que el 21 de abril de 2025 la licenciada Mojica Hernández se negó rotúndamente a entregarlos, aun después de dialogar con ella en su oficina y explicarle detalladamente el procedimiento.

Luego de varios trámites, el 13 de mayo de 2025, designamos a la Hon. Crisanta González Seda (Comisionada Especial), exjueza del Tribunal de Primera Instancia, como Comisionada Especial, para que recibiera prueba sobre la capacidad mental de la licenciada Mojica Hernández y rindiera

su informe en conformidad a la Regla 15 del Reglamento del Tribunal Supremo, *infra*. Asimismo, concedimos un término para la designación del panel de tres médicos psiquiatras que evaluarían a la abogada, según dispone la Regla antes citada.

De este modo, el 15 de mayo de 2025, la Comisionada Especial emitió una *Orden* dirigida tanto a la licenciada Mojica Hernández como a la Oficina del Procurador General, para que designaran a sus médicos psiquiatras de preferencia para conformar el panel. También solicitó que remitieran toda la información correspondiente sobre los médicos, incluyendo sus datos de contacto, sus credenciales profesionales y las fechas en que cada uno evaluaría a la abogada Mojica Hernández y presentaría su informe.

Tras el trámite de rigor, el 27 de mayo de 2025, la Oficina del Procurador General nombró al Dr. Raúl E. López y presentó toda la información requerida. Ese mismo día, la Comisionada Especial designó a la Dra. Dor Marie Arroyo Carrero como su representante en el panel de médicos y notificó a todas las partes la información pertinente. En cambio, la licenciada Mojica Hernández no cumplió con lo ordenado. Por consiguiente, la Comisionada Especial la orientó y apercibió nuevamente sobre los efectos de incumplir con la entrega de lo solicitado y de negarse a someterse a los exámenes médicos por las tres peritas y peritos admitidos, advirtiéndole que tal negativa se consideraría

evidencia *prima facie* de su incapacidad mental, con las consecuencias que determine este Tribunal.

El 29 de mayo de 2025, la Comisionada Especial emitió una *Orden* en la que señaló que, vencido el término concedido a las partes, admitió al Dr. Raúl E. López como miembro del panel de peritos para actuar en este asunto. Ante el incumplimiento de la licenciada Mojica Hernández, quien no presentó comunicación alguna respecto a lo ordenado, designó a la Dra. Cynthia Casanova Pelosi como la perito que la representaría en el panel.[6] Finalmente, ordenó a la abogada a asistir a las oficinas de los médicos para las evaluaciones correspondientes, indicando las fechas y las horas de cada cita, así como las direcciones e información de contacto de cada uno.

Cabe señalar que el 17 de junio de 2025, la oficina de alguaciles de este Tribunal nos remitió un informe en el que notificó que ese día la licenciada Mojica Hernández entregó parte de su obra notarial al Tribunal Supremo. Asimismo, presentó una *Réplica y moción en cumplimiento*, suscrita con su firma, en la que reiteró planteamientos sobre completar la reinspección final, cuestionar el proceso bajo la Regla 15 del Reglamento del Tribunal Supremo, *infra*, entre otros

---

[6]En lugar de cumplir con lo ordenado, el 23 de mayo de 2025, la licenciada Mojica Hernández presentó una *Moción en oposición* en la que se limitó a expresar, de manera poco coherente, su desacuerdo con el inicio del procedimiento previsto en la Regla 15 del Reglamento del Tribunal Supremo, *infra*.

asuntos expuestos de forma poco coherente. Ante ello, y considerando el patrón de conducta de la abogada, así como que ya se había iniciado el procedimiento conforme a la referida Regla 15, emitimos una *Resolución* en la que dispusimos "nada que proveer".

Después de conceder múltiples prórrogas a la licenciada Mojica Hernández para someterse al examen de los tres peritos del panel médico, la Comisionada Especial presentó su *Informe […]* el 10 de septiembre de 2025. En este escrito hizo un recuento del trámite procesal desde que se le asignó el caso y emitió su recomendación al respecto. Enfatizó que en cada notificación apercibió a la licenciada Mojica Hernández de que su negativa a someterse a los exámenes médicos se consideraría evidencia *prima facie* de su incapacidad mental. A pesar de ello, indicó que la abogada no respondió a las órdenes, no solicitó remedio alguno, no justificó su negativa a participar y tampoco se comunicó con los peritos para excusarse o reprogramar las citas.[7]

Finalmente, la Comisionada Especial recomendó que este Tribunal concluya que la licenciada Mojica Hernández no está en condiciones de asumir adecuadamente sus responsabilidades como abogada, debido a su actual estado de salud mental y a su negativa a ser evaluada por profesionales competentes.

---

[7]Con respecto a este asunto, el expediente contiene las certificaciones de incomparecencia a las citas programadas para evaluar a la licenciada Mojica Hernández, suscritas por las y los psiquiatras que integran el panel de peritos encargado de su evaluación.

Por tales motivos, solicitó su separación inmediata e indefinida del ejercicio de la profesión legal hasta tanto pueda demostrar su rehabilitación, sin que tal acción represente un desaforo, sino una medida de protección social.

Por otro lado, el 19 de septiembre de 2025, tras la celebración de varias vistas, el Tribunal de Primera Instancia emitió una *Resolución* en la que dispuso el archivo del caso de desacato civil contra la licenciada Mojica Hernández, luego de recibir una petición de la ODIN en la que informó que la abogada cumplió con la entrega de su obra protocolar y su sello notarial.

Evaluada la información y documentación pertinente, procedemos a resolver conforme al estado del derecho que seguidamente examinaremos.

## II

### A.

En el marco de nuestra función reguladora de la abogacía y la notaría, y de acuerdo con lo establecido en nuestro Reglamento, en ocasiones ha resultado necesario suspender a profesionales del derecho por razón de su salud mental. *In re Costa Del Moral*, 164 DPR 943, 945 (2005). En esa línea, hemos expresado que, cuando la condición mental, física o emocional de un abogado o una abogada le impide desempeñar cabal y adecuadamente las funciones y deberes propios de la profesión, procede suspenderle indefinidamente del ejercicio legal mientras subsista su incapacidad. *In re Rodríguez*

*Torres*, 210 DPR 8, 14 (2022). Ahora bien, esta suspensión indefinida no representa una sanción disciplinaria, sino que constituye únicamente una medida de protección social. *In re Ortiz Sánchez*, 213 DPR 570, 579 (2024); *In re Valentín Maldonado*, 178 DPR 906, 911 (2010); *In re Gómez Vázquez*, 145 DPR 382, 383 (1998).

De conformidad con lo anterior, la Regla 15 del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, establece un procedimiento disciplinario especial aplicable a los casos de incapacidad mental de un abogado o una abogada. Este proceso incluye el nombramiento, por este Tribunal, de un Comisionado o una Comisionada Especial que se encargará de recibir, investigar y evaluar la prueba relacionada con la alegada incapacidad mental de la persona que ejerce la abogacía, así como de dirimir la credibilidad de cualquier prueba testifical que se presente. Íd.; *In re Pagán Hernández*, 207 DPR 728, 737 (2021).

Además, el proceso contempla la designación de tres personas peritas en psiquiatría, encargadas de examinar al abogado o la abogada y elaborar sus respectivos informes con las conclusiones correspondientes. Regla 15 del Reglamento del Tribunal Supremo, *supra*. Estas personas peritas serán nombradas sucesivamente por el Comisionado o la Comisionada Especial, por el Procurador o la Procuradora General, y por el abogado o la abogada sometida al proceso. Íd.; *In re Chiqués Velázquez*, 201 DPR 969, 972 (2019).

Conviene señalar que el inciso (e) de la mencionada Regla 15 establece una presunción de incapacidad mental a favor de la protección social cuando la persona que ejerce la abogacía se niega a someterse a los procedimientos previstos en la misma. En particular, la Regla 15(e), *supra*, dispone que

> [s]i durante el procedimiento indicado en el inciso (c) de esta regla el abogado querellado o la abogada querellada se niega a someterse al examen médico ante los siquiatras designados o las siquiatras designadas, ello se considerará como prueba *prima facie* de su incapacidad mental, por lo que podrá ser suspendido o suspendida preventivamente del ejercicio de la profesión.

Así pues, esta presunción resulta necesaria para el ejercicio de nuestra función reguladora de la profesión de la abogacía. Además, constituye una salvaguarda tanto para la sociedad como para la adecuada administración de la justicia. *In re Gutierrez Santiago*, 179 DPR 739, 744 (2010).

**III**

Según se adelantó, el inciso (e) de la Regla 15 del Reglamento del Tribunal Supremo, *supra*, establece una presunción de incapacidad mental a favor de la protección social, cuando la persona que ejerce la abogacía se niega a someterse a los procedimientos de evaluación pericial previstos en la misma.

Luego de evaluar el *Informe […]* que presentó la Comisionada Especial, así como las reiteradas negativas de la licenciada Mojica Hernández a someterse a la evaluación

por las tres personas peritas en psiquiatría designadas al panel, concluimos que, conforme a la presunción de incapacidad mental establecida en el inciso (e) de la Regla 15 del Reglamento de este Tribunal, *supra*, la licenciada Mojica Hernández no se encuentra en condiciones de asumir de manera competente y adecuada las responsabilidades inherentes a su ejercicio profesional como abogada y notaria.

En consecuencia, y atendiendo únicamente a la finalidad protectora y reguladora de nuestra función, corresponde separarla inmediata e indefinidamente del ejercicio de la práctica legal, hasta tanto se superen y se acrediten plenamente las condiciones que impiden que pueda ejercer la profesión de manera cabal.

## IV

Por los fundamentos que anteceden, se acoge la recomendación emitida por la Comisionada Especial y se suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría a la Lcda. Yarivette Mojica Hernández. Esta suspensión estará vigente hasta que pueda acreditar que se encuentra capacitada para ejercer nuevamente la profesión legal. Se aclara que esta suspensión no constituye un desaforo, sino una medida de protección social.

En virtud de lo anterior, se le impone el deber de certificar que notificó a todos sus clientes y clientas sobre su incapacidad para continuar con su representación, que devolvió los expedientes y los honorarios recibidos por

trabajos no realizados en los casos pendientes, y que informó de su inhabilidad para ejercer la profesión ante los foros judiciales y administrativos en los que tenga casos pendientes. Asimismo, deberá acreditar ante este Tribunal el cumplimiento de lo anterior dentro del término de treinta (30) días contados a partir de la notificación de esta *Opinión Per Curiam* y *Sentencia*. Se le advierte que hacer caso omiso a lo aquí ordenado pudiera conllevar que, de solicitarlo en el futuro, no se le reinstale al ejercicio de la abogacía.

Además, en virtud de su suspensión del ejercicio de la notaría, su fianza notarial queda automáticamente cancelada. No obstante, la fianza se considerará buena y válida por un período de tres (3) años posteriores a su cancelación, en relación con los actos realizados por la licenciada Mojica Hernández durante el tiempo en que la misma estuvo vigente.

Notifíquese esta *Opinión Per Curiam* y *Sentencia* a la Sra. Yarivette Mojica Hernández personalmente, mediante correo postal y al correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Yarivette Mojica Hernández

TS-18,002

SENTENCIA

En San Juan, Puerto Rico, a 14 de octubre de 2025.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende inmediata e indefinidamente a la Sra. Yarivette Mojica Hernández del ejercicio de la abogacía y la notaría.

En virtud de tal suspensión, se le impone el deber de, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión Per Curiam y Sentencia, certificar que notificó a todos sus clientes de su incapacidad para continuar con su representación, que devolvió los expedientes y los honorarios recibidos por trabajos no rendidos en los casos pendientes, y que informó de su inhabilidad para ejercer la profesión a los foros judiciales y administrativos en los que tenga un caso pendiente. A esos fines, deberá acreditar y certificar ante este Tribunal dentro del término conferido el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de la suspensión.

Como consecuencia de la suspensión de la Sra. Yarivette Mojica Hernández del ejercicio de la notaría, se dispone que la fianza que garantiza sus funciones, de haber prestado la misma, queda automáticamente cancelada. La fianza se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados durante el periodo en que esta estuvo vigente.

Por último, se le apercibe que su incumplimiento con lo aquí ordenado pudiera conllevar que, de solicitarlo en un futuro, no se le reinstale al ejercicio de la abogacía o notaría, así como que se le refiera al Tribunal de

Primera Instancia para que se inicie un procedimiento de desacato civil en su contra.

Notifíquese esta *Opinión Per Curiam* y *Sentencia a la Sra.* Yarivette Mojica Hernández personalmente, mediante correo postal y al correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                              Javier O. Sepúlveda Rodríguez
                              Secretario del Tribunal Supremo